UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

SCOTT KELLY HANSEN,                                    Civil No. 11-378 (RHK/FLN)

        Plaintiff,

    v.                                                                    **REPORT AND RECOMMENDATION**

JESSICA SYMMES, Warden,

        Defendant.

Plaintiff, a Minnesota state prison inmate, commenced this action by filing a complaint seeking relief for alleged violations of his constitutional rights under the Eighth Amendment.  (Docket No. 1.)  The matter has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted.  The Court will therefore recommend that this action be summarily dismissed.

## I. BACKGROUND

Plaintiff is an inmate at the Minnesota Correctional Facility at Oak Park Heights, Minnesota, ("MCF-OPH").  He alleges that on February 1, 2011, he was charged with "theft, smuggling, an[d] possession of contraband," in violation of prison regulations.  (Complaint, [Docket No. 1], Attachment, p. 3, ¶ 6.)  A disciplinary hearing on those charges was conducted, and Plaintiff was found guilty of some or all of the alleged offenses.  As a result, Plaintiff was deprived of a "(one) dollar an hour pay-grade," and he was "ordered to serve (30) days in punishment disciplinary segregation."  (Id.)

Plaintiff contends that the disciplinary charges described in his complaint are groundless and meritless, and that he did not commit the alleged offenses. He further contends that he should not have been found guilty of the alleged offenses, because there was no valid evidence to support his conviction, and that he was wrongly disciplined.

The only named Defendant in this case is Jessica Symmes, who is identified as the Warden at MCF-OPH.[1] Plaintiff is attempting to sue Defendant Symmes for allegedly violating his constitutional rights under the Eighth Amendment. (Complaint, p. 5, "Statement of Claim.") He is seeking a judgment that would reinstate his "earned (1) dollar an hour pay grade," repay him for "loss wages sense [sic] terminated from prison job assignment," and award him "$1000 for (30) days of disciplinary segregation." (Complaint, p. 6, "Relief.")

## II. DISCUSSION

Because Plaintiff is a prisoner who is attempting to sue a state employee, his complaint is subject to initial "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the plaintiff's pleading in every civil action brought by a prisoner against governmental employees or entities "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If a prisoner has failed to state a cause of action on which relief can be granted, his complaint will be dismissed. 28 U.S.C. § 1915A(b).

---

[1] The term "et al." appears in the caption of the complaint after Jessica Symmes's name, but no other parties are identified as defendants anywhere in the complaint.

Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory:  the complaint must allege facts, which if true, state a claim as a matter of law."  Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).  To state an actionable civil rights claim, as Plaintiff is attempting to do here, a complainant must allege a set of historical facts, which, if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

Furthermore, civil rights claimants must plead facts showing each named defendant's personal involvement in alleged constitutional wrongdoing.  Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999).  See also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims, because plaintiff's complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim").  Thus, in order to state an actionable civil rights claim against a defendant, a complaint must set forth specific factual allegations showing what that particular defendant allegedly did, or failed to do, while acting under color of state law, that purportedly violated the plaintiff's federal constitutional rights.  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009) ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution") (emphasis added).

In this case, Plaintiff has not pleaded an actionable civil rights claim against the only named Defendant, Warden Jessica Symmes, because Plaintiff's complaint does not describe anything that Defendant Symmes allegedly did, or failed to do, that purportedly violated Plaintiff's federal constitutional rights.  Indeed, the complaint does not attribute any act or omission to Defendant Symmes; her name does not even appear anywhere in the

"statement of facts" section of the complaint.  Thus, the complaint certainly does not allege any facts showing that Defendant Symmes personally violated Plaintiff's Eighth Amendment rights.  For this reason alone, the Court finds that Plaintiff's complaint fails to plead a cause of action on which relief can be granted.[2]

The Court further notes that the factual allegations in Plaintiff's complaint could not possibly support any Eighth Amendment claim against <u>anyone</u> -- Defendant Symmes, or anyone else.  The Eighth Amendment prohibits cruel and unusual punishment, including inhumane or unsafe conditions of confinement.  <u>Brown v. Fortner</u>, 518 F.3d 552, 558 (8th Cir. 2008) ("[t]he Supreme Court has interpreted the Eighth Amendment's prohibition against cruel and unusual punishment to include a right to safe and humane conditions of confinement").   In this case, however, Plaintiff has not described any conditions of confinement that could constitute cruel and unusual punishment prohibited by the Eighth Amendment.

Plaintiff has alleged only that (1) he was required to spend 30 days in segregated confinement, and (2) he lost some benefits associated with his prison job.  Neither of those circumstances violates the Eighth Amendment.

---

[2]  It appears that Plaintiff may be attempting to sue Defendant Symmes based on some alleged wrongdoing by one or more of her subordinates at MCF-OPH, (although no such claim actually is advanced in the complaint).  However, if that is the basis for Plaintiff's complaint against Defendant Symmes, it will not suffice.  It is well settled that the doctrine of <u>respondeat</u> <u>superior</u> is not applicable in federal civil rights actions, and prison wardens cannot be held vicariously liable for alleged unconstitutional misconduct by their subordinates.  <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 694 (1978).  <u>See also</u> <u>Estate of Rosenberg by Rosenberg v. Crandell</u>, 56 F.3d 35, 37 (8th Cir. 1995) ("[t]he general responsibility of a warden for supervising the operation of a prison is not sufficient to establish personal liability" in a civil rights action).

Segregated confinement by itself, even for extended periods, is not considered "cruel and unusual punishment" for Eighth Amendment purposes.  See Brown v. Nix, 33 F.3d 951, 955 (8th Cir. 1994) (prisoner's nine-year term of segregated confinement for multiple disciplinary infractions did not violate the Eighth Amendment).  See also Herron v. Schriro, 11 Fed. Appx. 659, 662, (8th Cir.) (unpublished opinion) (upholding district court's rejection of prisoner's Eighth Amendment claim based on thirteen years of segregated confinement), cert. denied, 534 U.S. 1059 (2001).

Also, prisoners have no right to employment while incarcerated, so the loss of a prison job, or any benefits associated with such a job, cannot constitute a violation of the Eighth Amendment.  See Clark v. Maryland Dept. of Public Safety and Correctional Services, 316 Fed.Appx. 279, 281 (4th Cir. 2009) (unpublished opinion) ("as prisoners do not have a constitutionally protected right to work while incarcerated, termination from a prison job does not constitute an Eighth Amendment violation"); Anderson v. Colorado Dept. of Corrections, No. 98-1477 (10th Cir. 1999) 1999 WL 387163 at *1 (unpublished opinion) (prisoner's "claims based upon the loss of his prison job... do not rise to the level of extreme deprivations sufficient to make out a conditions-of-confinement claim" predicated on the Eighth Amendment), cert. denied, 528 U.S. 1165 (2000); Smith v. Sapp, Nos. 97-5642, 97-5921 (6th Cir.), 1998 WL 384620 at *1 (unpublished opinion) ("the Constitution 'does not mandate comfortable prisons, and forcing an inmate to live without such privileges as bingo, a television, or a job does not constitute the infliction of serious pain necessary to state an Eighth Amendment claim"), cert. denied, 525 U.S. 902 (1998); Treadwell v. Almy, No. 1:10-cv-560 (W.D.Mich. 2010), 2010 WL 2757981 at *4 ("[t]he loss of a prison job, regardless of the reason, does not amount to cruel and unusual

punishment"); <u>Brown v. James</u>, 4:CV-03-631, (M.D.Pa. 2009), 2009 WL 790124 at * 6

("[p]risoners do not have a constitutional right to employment, and thus it has been held

that the deprivation of employment does not violate the Eighth Amendment").  <u>See</u> <u>also</u>

<u>Lomholt v. Holder</u>, 287 F.3d 683, 684 (8th Cir. 2002) (a prisoner has "no constitutional right

to a particular prison job").

Thus, the Court finds that Plaintiff has not alleged any facts showing that he has

suffered any possible violation of his constitutional rights under the Eighth Amendment.

For this additional reason, Plaintiff has failed to plead an actionable claim for relief.[3]

---

[3]  Although Plaintiff has not attempted to plead a due process claim, it should be noted that the facts alleged in his complaint could not support such a claim.  To state an actionable due process claim based on sanctions imposed in a prison disciplinary proceeding, a prisoner must show that he has been denied a protected liberty interest without being afforded the procedural benefits of due process.  A protected liberty interest will be found, and the protections of due process will therefore come into play, only when a prisoner has shown the type of unusual hardship or dramatic departure from ordinary prison life that is contemplated in <u>Sandin v. Conner</u>, 515 U.S. 472 (1995).  Our Court of Appeals has interpreted <u>Sandin</u> to mean that prisoner due process rights are implicated only when there have been "deprivations which work such major disruptions in a prisoner's environment and life that they present dramatic departures from the basic conditions and ordinary incidents of prison sentences." <u>Moorman v. Thalacker</u>, 83 F.3d 970, 972 (8th Cir. 1996).

The Court of Appeals has repeatedly held that segregated confinement is a normal and expectable aspect of prison life, and prisoners do not have a protected liberty interest in remaining in the general prison population.  <u>See</u> <u>Portley-El v. Brill</u>, 288 F.3d 1063, 1065 (8th Cir. 2002) ("administrative and disciplinary segregation are not atypical and significant hardships under <u>Sandin</u>"); <u>Phillips v. Norris</u>, 320 F.3d 844, 847 (8th Cir. 2003) ("demotion to segregation, even without cause, is not itself an atypical and significant hardship"). Likewise, prisoners are frequently denied employment opportunities for many different reasons, and such deprivations are not considered to be an "atypical and significant hardship" or a "dramatic departure" from the ordinary conditions of a prison sentence. <u>Callender v. Sioux City Residential Treatment Facility</u>, 88 F.3d 666, 669-70 (8th Cir. 1996); <u>Freitas v. Ault</u>, 109 F.3d 1335, 1338 (8th Cir. 1997); <u>Dominque v. Weld</u>, 73 F.3d 1156, 1161 (1st Cir. 1996); <u>Bulger v. United States Bureau of Prisons</u>, 65 F.3d 48, 50 (5th Cir. 1995).  <u>See</u> <u>also</u> <u>Burton v. Evans</u>, No. 01 C 3328 (N.D.Ill. May 2, 2002) 2002 WL 832590 at *5 ("[a] prisoner's interest in having a job is not protected as a liberty interest by the Due

## III. CONCLUSION

For all of the reasons discussed above, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b). The Court will also recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Finally, Plaintiff has filed an "exparta motion" with his complaint, asking the Court to order Defendant to turn over certain videotape footage that purportedly supports his attempt to sue Defendant. (Docket No. 2.) However, even if the videotape were to show exactly what Plaintiff claims it would show, (i.e., that he did not commit the offenses for which he was disciplined), his complaint still would be inadequate, and this action still would have to be dismissed, for the reasons discussed above. Therefore, the Court will recommend that Plaintiff's pending motion be denied.

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b);

2. For purposes of 28 U.S.C. § 1915(g), this action be dismissed on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted; and

3. Plaintiff's "Exparta Motion To Seek Order Of This Court To Get A Copy Of Genetec Camera System Footage Of Incidents Claimed In This Civil Action For In Camera

---

Process Clause"). Thus, Plaintiff could not maintain a due process claim based on the facts alleged in his complaint.

Review By This Court," (Docket No. 2), be **DENIED**.


Dated: <u>March 2</u> , 2011

s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 16, 2011**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.